UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| C.D., <br><br>           Plaintiff, <br><br>    v. <br><br>KILOLO KIJAKAZI, <br><br>           Defendant. | Case No. 17-cv-01120-VKD <br><br>**ORDER GRANTING IN PART AMENDED MOTION FOR FEES** <br><br>Re: Dkt. No. 39 |

## I.    BACKGROUND

This case arises out of C.D.'s application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 423, *et seq*.[1] On the parties' cross-motions for summary judgment, the Court granted in part C.D.'s motion for summary judgment, remanded the case for further proceedings, and entered judgment accordingly. Dkt. Nos. 26, 27.

The parties subsequently stipulated to an award of attorney's fees in the amount of $6,500 to C.D.'s counsel, Josephine Mary Gerrard, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2142. Dkt. No. 29. Noting that "the quality of plaintiff's briefing in this matter was so exceptionally poor," the Court denied the requested fees without prejudice, and required counsel to submit further information—namely, a description of the work performed, the hours billed or recorded for each item of work performed, the timekeepers performing each item of work and their respective job titles, and the hourly rate for each timekeeper. Dkt. No. 30. Ms. Gerrard

---

[1] Pursuant to Fed. R. Civ. P. 25(d), Kilolo Kijakazi, Acting Commissioner of the Social Security Administration, is substituted as defendant in place of Nancy Berryhill.

submitted a renewed motion for EAJA fees, with additional documentation based on the EAJA hourly rate for 2017.[2] Dkt. No. 31. Those additional documents indicated that the requested $6,500 in EAJA fees represented a discount from the total fees of $11,213.75 Ms. Gerrard claimed were incurred. *See* Dkt. No. 31-1. Noting that "[s]uch a discount is appropriate," given the quality of representation in this matter and C.D. "prevailed in this case despite the efforts of her counsel, not because of them," the Court granted Ms. Gerrard's renewed motion and awarded $6,500 in fees under the EAJA. Dkt. Nos. 32, 33.

On remand from this Court's summary judgment order, the Social Security Administration ("agency") found that C.D. was disabled as of August 1, 2010. *See* Dkt. No. 39 at 10.[3] The agency issued a November 14, 2022 notice of award stating that C.D. was entitled to past-due benefits as of February 2013, from which the agency withheld 25%, or $44,162.50, for possible payment of fees to her representative. *Id*. at 9, 11. The agency subsequently issued a February 18, 2023 notice of award, stating that C.D. was awarded past-due auxiliary benefits for her child, from which the agency withheld 25%, or $22,071.25, for possible payment of a representative fee. *Id*. at 15, 16.

After the agency issued its November 14, 2022 notice of award, Ms. Gerrard moved pursuant to 42 U.S.C. § 406(b) for an award of fees based on the $44,162.50 withheld from C.D.'s back benefits. Dkt. No. 34. After the agency issued its February 18, 2023 notice of award, Ms. Gerrard filed the present amended motion, seeking fees in the amount of $66,233.75, representing 25% of C.D.'s back benefits and auxiliary back benefits. *See* Dkt. No. 39 at 1; *see also Hopkins v. Cohen*, 390 U.S. 530 (1968) (holding that auxiliary back benefits payable to a claimant's dependents are included in the total amount of back benefits to be considered for purposes of an award of attorney's fees).[4]

In support of her fees motion, Ms. Gerrard submitted a document titled "§ 758 Federal

---

[2] *See* https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/.

[3] All pin cites are to the ECF page number that appears in the header on filed documents.

[4] Ms. Gerrard's prior motion for fees (Dkt. No. 34) is terminated as moot.

2

1  Court Fee Contract" that appears to be signed by C.D. and states that C.D. "employ[s] [Ms.
2  Gerrard]/Gerrard Law Offices to represent [her] in federal court review of [her] SSI/SOCIAL
3  SECURITY DISABILITY case." Dkt. No. 39 at 19. The contract further states that C.D.
4  "agree[s] that my attorney shall charge and receive as the fee an amount equal to twenty-five
5  percent (25%) of the past-due benefits that are awarded to my family and me in the event my case
6  is won." *Id*. The contract is dated October 2, 2018,[5] which was shortly after this Court issued its
7  summary judgment order and entered judgment, and otherwise nearly 19 months after C.D.'s
8  appeal originally was filed in this Court on March 5, 2017. *See* Dkt. No. 39 at 20; *see also* Dkt.
9  Nos. 1, 26, 27. While the contract includes a signature block for Ms. Gerrard, the document
10 submitted to this Court is unsigned by her. *See* Dkt. No. 39 at 20.

Ms. Gerrard has not submitted a certificate of service indicating that she served C.D. with either her prior or present motions for fees. Instead, in her reply brief on the present motion, on the last page after her signature block, Ms. Gerrard simply states, "Please note: Plaintiff was sent an email copy of all [Ms. Gerrard]'s filings. She has asked not to have documents mailed to her address." Dkt. No. 41 at 4. The Court has not received any response from C.D. to either of Ms. Gerrard's motions for fees. There is nothing in the record indicating what C.D.'s position might be with respect to Ms. Gerrard's request for fees, or whether C.D. was informed that she had a right to file a response to the motions.

The Commissioner takes no position on Ms. Gerrard's requested fees and has filed a response in her role "resembling that of a trustee" for C.D. Dkt. No. 40 at 2 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)); *Crawford v. Astrue*, 586 F.3d 1142, 1144 n.2 (9th Cir. 2009) (en banc) (same).

The motion is deemed suitable for determination without oral argument. Civ. L.R. 7-1(b). Upon consideration of the moving papers, as well as the Commissioner's response, the Court grants in part Ms. Gerrard's amended motion for fees.

---

[5] The signature block for C.D. indicates that she may have signed the contract on October 3, 2018. *See* Dkt. No. 39 at 20.

## II. DISCUSSION

When a court renders judgment favorable to a claimant represented by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A). A court may award such fees even if the court's judgment did not immediately result in an award of past-due benefits. *Butler v. Colvin*, No. 3:14-cv-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017). Although a district court may award fees under both the EAJA and § 406(b), "'the claimant's attorney must refund to the claimant the amount of the smaller fee.'" *Crawford*, 586 F.3d at 1144 n.3 (quoting *Gisbrecht*, 535 U.S. at 796).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id*. "The statute does not specify how courts should determine whether a requested fee is reasonable" and "provides only that the fee must not exceed 25% of the past-due benefits awarded." *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits."). The attorney seeking fees must show that the fees sought are reasonable for the services rendered. *Gisbrecht*, 535 U.S. at 807.

In determining a reasonable fee award under § 406(b), courts "must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). In this context, reasonableness does not depend on lodestar calculations, but upon "the character of the representation and the results the representative achieved." *Gisbrecht*, 535 U.S. at 808. Fees resulting from a contingent fee agreement are unreasonable and subject to reduction by the court "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in

4

comparison to the amount of time counsel spent on the case.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808). Although the Supreme Court has "flatly rejected [a] lodestar approach," *id*., a court may require, "not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," submission of the requesting attorney's records of the hours worked and normal hourly billing rate for non-contingent fee cases. *Gisbrecht*, 535 U.S. at 808.

Ms. Gerrard has not met her burden to establish that her requested fees are reasonable. To begin, the Court questions the circumstances under which the fee agreement submitted by Ms. Gerrard purportedly was entered into. Even putting aside the lack of Ms. Gerrard's signature on that document, the October 2018 date on the contract indicates that Ms. Gerrard did not into enter into a written contingency fee agreement with C.D. until well over a year after the present appeal was filed in this Court, after all the substantive work had been done, and after this Court issued its summary judgment ruling, entered judgment, and closed the file. *See* Dkt. No. 39 at 20. A contingent fee agreement must be in writing and must comply with the requirements of California Business & Professions Code § 6147(a). The attorney must provide a fully executed copy of the agreement to the client at the time the contract is made. *See id*.[6] The Court's concerns about these circumstances are only heightened by the lack of proper proof that C.D. was given notice of the present motion. However, it appears that Ms. Gerrard did not bill C.D. for her services on an hourly basis, and that the representation was undertaken on a contingent basis, even if there is no proper documentation or other record of the terms of the contingent fee arrangement.

In any event, the Court must still determine whether counsel's request for fees of up to 25 percent of C.D.'s past-due benefits is reasonable. *See Gisbrecht*, 535 U.S. at 807 ("Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered."). Assuming Ms. Gerrard in fact undertook the representation of C.D. on a contingent fee basis, she assumed some risk of not being paid for her

---

[6] An attorney's failure to comply with the requirements of § 6147(a) renders the contingent fee agreement voidable at the option of the client, and the attorney may then be entitled to collect only a "reasonable fee." *See* Cal Bus. & Prof. Code § 6147(b).

services. While C.D. ultimately prevailed on remand and obtained a considerable award of back benefits, counsel's work on this matter fell below the standard expected of attorneys practicing before this Court. As noted in the Court's summary judgment order, it was "exceedingly difficult to tell exactly what [C.D.] claims. Her briefs are confusing, disorganized, and at times incoherent." Dkt. No. 26 at 23. Arguments were often not clearly articulated, were grammatically and substantively difficult to parse, and did little to further C.D.'s cause. *See, e.g., id.* at 23, 25 n.10 & n.11; *see also* Dkt. Nos. 20, 23. Such inadequate briefing not only increased the risk that C.D. might not prevail, it also imposed a significant burden on the Court. *See* Dkt. No. 32 at 1. In these circumstances, the Court finds that the requested fees would constitute an unreasonable windfall to Ms. Gerrard.

In assessing the reasonableness of the requested fee, the Court also reviews the documentation of the hours worked in the litigation. *See Gisbrecht*, 535 U.S. at 808. Here, the accuracy of the submitted time records is questionable. Ms. Gerrard has submitted documentation of the hours she claims she spent representing C.D. in this litigation no less than three times—first, in response to the Court's order for further documentation in support of her EAJA fees (*see* Dkt. No. 31-1); then again in support of her first motion for fees under § 406(b) (*see* Dkt. No. 34 at 16-17); and finally, in support of the present amended fees motion (*see* Dkt. No. 39 at 22-23). In her EAJA application, Ms. Gerrard claimed to have spent approximately 57 hours[7] on work in this litigation, whereas in the timesheet submitted in support of her first fees motion, Ms. Gerrard claimed to have spent 60.2 hours doing the same work. That discrepancy appears to be due largely to a March 3, 2017 time entry for interviewing C.D., increased from 1.7 hours to 4.7 hours. *Compare* Dkt. No. 31-1 at 1 with Dkt. No. 34 at 16. Additionally, the description of 2.4 hours of work reportedly performed on March 6, 2017[8] was changed from "Drafted Complaint and opening documents" in the initial timesheet, to "Reviewed expert opinion" in the second timesheet.

---

[7] The initial timesheet submitted identified the time spent working in hours and minutes, rather than in increments of 0.10 of an hour.

[8] In its order granting Ms. Gerrard's renewed motion for EAJA fees, the Court noted that the complaint (which is a two-page, largely pro forma document) was actually filed on March 5, 2017, not March 6, 2017 when Ms. Gerrard reports that she performed this work.

1     *Compare* Dkt. No. 31-1 at 1 with Dkt. No. 34 at 16.

2         In the timesheet submitted in support of the present amended fees motion, Ms. Gerrard now claims to have worked a total of 61.7 hours. The 4.7 hours spent interviewing C.D. has been reduced to 1.7 hours. *See* Dkt. No. 39 at 22. And, for whatever reason, the 2.4 hours reportedly spent on March 6, 2017 "[r]eview[ing] expert opinion," has been changed back to time spent drafting the two-page complaint "and opening documents." *See id*. However, Ms. Gerrard has added 4.5 hours for "[p]reparation of the EAJA application and response," reportedly performed on December 15, 2022, over five years after the Court granted her EAJA fee application. *Id*. at 23. The Court assumes that this time entry actually refers to preparation of Ms. Gerrard's EAJA fee applications in November 2018. *See* Dkt. Nos. 29, 31.

        Nevertheless, even crediting the full 61.7 hours Ms. Gerrard says she spent working in this litigation, the Court is concerned that the amount of C.D.'s past-due benefits (i.e., $264,935) is large compared to the time counsel spent on the case. If Ms. Gerrard obtains a fee award calculated as 25 percent of C.D.'s past-due benefits, her de facto hourly rate would be $1,073.48. Ms. Gerrard cites several cases in which courts have awarded fees at hourly rates upward of $1,000. *See* Dkt. No. 39 at 4-5; Dkt. No. 41 at 3-4. However, Ms. Gerrard has not made any attempt to show that she has ever been awarded such a de facto rate, and the Court's independent research did not identify any such cases. Nor has she demonstrated how any of the district court cases she cites are similar or analogous to the present matter. The Court is mindful that "[l]odestar fees will generally be much less than contingent fees because the lodestar method tends to under-compensate attorneys for the risk they undertook in representing their clients and does not account for the fact that the statute limits attorneys' fees to a percentage of past-due benefits and allows no recovery from future benefits, which may far exceed the past-due benefits awarded." *Crawford*, 586 F.3d at 1150. Nevertheless, the Court concludes that the requested fees would constitute a windfall under the circumstances of this case.

        In view of the substandard quality of the representation, Ms. Gerrard's apparent failure to enter into a proper contingency fee agreement with her client at the outset of the engagement, and the disproportionately large past-due benefits relative to the time spent working on this matter, the

United States District Court
Northern District of California

Court concludes that an award of fees in the amount of $12,163.59, based on the applicable EAJA rates,[9] is reasonable.

### III. CONCLUSION

Based on the foregoing, Ms. Gerrard's motion for fees pursuant to 42 U.S.C. § 406(b) is granted in part.  The Court awards $12,163.59 in fees to Ms. Gerrard.  Ms. Gerrard shall refund to C.D. the $6,500 in EAJA fees previously awarded.

**IT IS SO ORDERED.**

Dated: April 7, 2023

VIRGINIA K. DEMARCHI
United States Magistrate Judge

---

[9] That is, 57.2 hours at a rate of $196.79 per hour and 4.5 hours at a rate of $201.60 per hour.

8